UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | CR 13-10015 |
| -vs- | REPORT AND RECOMMENDATION |
| DAVID RED THUNDER, RONALD DuMARCE,<br>DARRELL WHITE, and EDWARD RED OWL,<br>Defendants. | |

Each Defendant has been indicted for Conspiracy to Commit Theft from Indian Tribal Organization[1], Theft from Indian Tribal Organization, and Aiding and Abetting. The Sisseton-Wahpeton Oyate Sioux Tribe is named as the victimized tribal organization in each count. Each Defendant has moved for the dismissal of the indictment and argue: (1) the "embezzled, stolen, converted, or misapplied funds" did not belong to an Indian Tribal organization, and (2) the Lake Traverse Aid Incorporation (LTAI) is not an "Indian tribal organization" under 18 U.S.C. §1163.

Defendants' motions, made pursuant to Rule 12(b)(3)(B)[2] of the Federal Rules of Criminal Procedure, argue that the Indictment fails to state an offense. Defendants argue that any improper taking was from (LTAI) which is not an "Indian tribal organization". LTAI is not alleged to be an Indian tribal organization in the indictment.

---

[1] 18 U.S.C. §1163 provides, in part, "Whoever embezzles, steals, knowingly converts to his use or the use of another, willfully misapplies, or willfully permits to be misapplied, any of the moneys, funds, credits, goods, assets, or other property belonging to any Indian tribal organization or intrusted to the custody or care of any officer, employee, or agent of an Indian tribal organization".

18 U.S. C. §371 provides, in part, "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

[2] "[A]t any time while the case is pending, the court may hear a claim that the indictment . . . fails . . . to state an offense"

Contrary to the position taken by Defendants, they are not charged with converting funds from the LTAI. Rather, they are charged with conspiracy to convert funds from the Sisseton-Wahpeton Oyate Sioux Tribe. Doc. 2, part B "Introduction". Count 2 alleges conversion of assets belonging to the Sisseton-Wahpeton Oyate Sioux Tribe.

The Government argues the Defendants may have stolen from the Sisseton-Wahpeton Oyate Sioux Tribe through the use of intermediary entities – LTAI and the Lake Traverse Economic Development Corporation.

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The indictment in this case meets that standard. The indictment must allege each element of the offenses charged.

The crux of Defendant's argument is that the Lake Traverse Aid Incorporation is not an Indian Tribal Organization. The indictment, however, does not allege either conspiracy to convert funds of the LTAI or the theft of LTAI funds. The indictment does outline the relationships among the Sisseton-Wahpeton Oyate Sioux Tribe, the Lake Traverse District, the Lake Traverse Economic Development Corporation, and the Lake Traverse Aid Incorporation. The Government will be required to prove at trial that the conversion was from the Tribe, an Indian Tribal Organization. Defendants, however, have failed to show a basis to dismiss the indictment under Rule 12(b)(3)(B).

## RECOMMENDATION

The Motion to Dismiss Indictment should be denied.

Dated August 1, 2013 at Aberdeen, South Dakota.

William D. Gerdes
US Magistrate Judge

## NOTICE

Failure to file written objections to the within and foregoing Report and Recommendations for Disposition within fourteen (14) days from the date of service shall bar an aggrieved party from attacking such Report and Recommendations before the assigned United States District Judge. See 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).