UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED

APR 29 2014

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 13-10015 |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | ON MOTION FOR CONTINUANCE |
| | * | |
| DAVID RED THUNDER, | * | |
| RONALD DuMARCE, | * | |
| DARREL WHITE, and | * | |
| EDWARD RED OWL, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

On March 6, 2013, the Grand Jury indicted the co-defendants with conspiracy to commit theft from a Tribal Organization, theft from an Indian Tribal Organization, and aiding and abetting in violation of 18 U.S.C. §§ 371, 1163, and 2. The indictment alleges that the Sisseton-Wahpeton Housing Authority is an Indian tribal organization whose purpose is to provide housing services and assistance to eligible members of the Sisseton Wahpeton Oyate Tribe. *See* (Doc. 2, Indictment, at ¶ 1). According to the Indictment, the Lake Traverse District is a subdivision of the tribe. (Doc. 2 at ¶ 2). The Indictment also alleges that the Lake Traverse Economic Development Corporation (LTEDC) is a for-profit business entity established by the district to promote economic development in the district. The Lake Traverse Aid Incorporation (LTAI) is a non-profit entity established by the LTEDC to further promote economic development in the Lake Traverse district. The defendants were on the board of directors of both entities. *See generally*, (Doc. 2).

The Indictment alleges that the co-defendants knowingly converted to their own use over $1,000 of the moneys, funds, credits, goods, assets and other property belonging to the Sisseton-Wahpeton Oyate Sioux Tribe, an Indian tribal organization. Specifically, it alleges that the Lake Traverse District and the LTEDC acquired three trailer homes to be given to three district members in need of new housing. According to the Indictment, defendants then, on behalf of the LTAI, submitted a voucher to the Sisseton-Wahpeton Housing Authority requesting reimbursement from the Tribe's Homebuyers Program in the amount of $15,700 because LTAI paid for the transport and set-up of the trailer homes. The Sisseton-Wahpeton Housing Authority issued a check in that amount to LTAI, which was deposited into the LTAI checking account. LTAI later wrote checks to the defendants, which the defendants cashed. The United States alleges this amounts to embezzlement, theft, or conversion of the property of an Indian tribal organization, in violation of 18 U.S.C. §1163.

The defendants moved to dismiss the indictment. Magistrate Gerdes issued his report and recommendation on August 1, 2013, recommending that the motions be denied. The government filed a superseding indictment on August 13, 2013. Defendants each filed objections and requested this Court delay ruling on their objections until their motions to dismiss the superseding indictment are ripe for decision. No defendant has filed a motion to dismiss the superseding indictment.

The Court conducted a *de novo* review of the record. On September 27, 2013, the Court overruled the defendants' objections to the magistrate's report and recommendation, the report and recommendation was adopted, and the motions to dismiss the indictment against the defendants were denied. *See* (Doc. 98).

Currently, the defendants bring a motion for continuance, filed April 11, 2014, moving the Court for its order delaying the trial scheduled for May 20, 2014, as well as all pretrial deadlines for at least 120 days, or until the Courthouse renovations are finished in Aberdeen, South Dakota. *See* (Doc. 115). As one of the grounds, the defendants claim

2

the added expense of travel, hotel and meals for both defense counsel and prospective

jurors in trying this case in the alternate locations of either Pierre or Sioux Falls, South

Dakota. The defendants state that the use of either alternate location for trial is not in the

best interests of the public in having this case tried within the time set forth in the Speedy

Trial Act pursuant to 18 U.S.C. § 3161 *et seq*. Defendants request that the trial be held in

Aberdeen pursuant to 28 U.S.C. § 122(1) and have waived any rights under the Speedy

Trial Act as the result of this request. The defendants are currently released on bond.

The Speedy Trial Act requires that trial begin within 70 days after a defendant is

charged or first appears, whichever last occurs. The Act provides, in part, that the

following period of delay shall be excluded in calculating the speedy trial deadline:

> Any period of delay resulting from a continuance granted by
> any judge on his own motion or at the request of the
> defendant or his counsel or at the request of the attorney for
> the Government, if the judge granted such continuance on the
> basis of his findings that the ends of justice served by taking
> such action outweigh the best interest of the public and the
> defendant in a speedy trial. No such period of delay resulting
> from a continuance granted by the court in accordance with
> this paragraph shall be excludable under this subsection
> unless the court sets forth, in the record of the case, either
> orally or in writing, its reasons for finding that the ends of
> justice served by the granting of such continuance outweigh
> the best interests of the public and the defendant in a speedy
> trial.

18 U.S.C. § 3161(h)(7)(A). The district judge is entitled to consider, *inter alia*, "whether

the failure to grant such continuance in the proceeding would be likely to make a

continuation of such proceeding impossible or result in a miscarriage of justice." 18

U.S.C. § 3161(h)(7)(B)(I).

The district court should make findings that the ends of justice served by granting

the request to continue outweigh the best interests of the public in a speedy trial; that,

3

after considering the statutory factors, a refusal to grant the request would result in a miscarriage of justice; and that the additional time would not prejudice any party.

## OPINION

The Court maintains "considerable discretion" in determining the place of trial, but "must consider the factors set forth in Rule 18." United States v. Frietag, 2012 U.S. Dist. LEXIS 157543, *citing* United States v. Stanko, 528 F.3d 581, 586 (8th Cir. 2008).

Prior to 1966, Rule 18 required trials to take place in the division in which the offense was committed. The 1966 amendment eliminated the absolute requirement and vested "discretion in the court to fix the place of trial at any place within the district with due regard to the convenience of the defendant and the witnesses." Advisory Committee Notes, USCS Fed Rules Crim Proc R 18. The notes further state that the court has "substantial discretion to balance any competing interests." Naturally, the Speedy Trial Act, as well as Rule 18, were written more for the protection of the defendant's rights than those of the government. The Speedy Trial Act was written to guarantee a swift administration of justice so that the defendant who was not able to obtain a release on bond or bail does not languish unreasonably under the presumption of innocence while an ambiguous or uncertain trial date remains pending or a particular docket is unreasonably backlogged. The act was written for the defendant who, prior to the Act, may have awaited a trial date with feeble resources to request expeditious judicial administration. In the instant case, this is not an issue. No one is languishing in custody. All four defendants have been released on bond on their own recognizance. They are not held in custody. The only question is whether the ends of justice served by granting the defendants' motion to continue outweigh the interests of the public and the defendants in a more speedy trial.

"The sixth amendment to the United States Constitution requires that a trial be held in the state and district where the crime was committed. However, a defendant does not have a right to be tried in a particular division." United States v. Stanko, 528 F.3d

4

581, 584 (8th Cir. 2008) (*citing cases*).  However, the "district judge has broad discretion in determining where within a district a trial will be held." *Id*.  "Federal Rule of Criminal Procedure 18 prescribes that a district court 'set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.'"  United States v. Stanko, 528 F.3d at 584.

The United States Supreme Court has "unambiguously declared that the American concept of the jury trial contemplates a jury drawn from a fair cross section of the community."  Taylor v. Louisiana, 419 U.S. 522, 527, 95 S.Ct. 692, 696, 42 L.Ed.2d 690 (1975).  The "selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial."  Taylor v. Louisiana, 419 U.S. at 528, 95 S.Ct. at 697.  Further, the Federal Jury Selection and Service Act of 1968 provides, in part:

> It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes.

28 U.S.C. § 1861.

Federal law dictates that jury trials for cases arising out of the Northern Division be held in Aberdeen.  However, due to the failure on the part of the General Services Administration to maintain a federal courthouse and federal courtroom space, jury trials are temporarily being held in either Sioux Falls (200 miles from Aberdeen) or Pierre (160 miles from Aberdeen).  This results in jurors, particularly those residing near the outer boundaries of the Northern Division, having to travel sometimes up to four hours to attend jury trials.  Native Americans, in particular, face obstacles in traveling extensive distances to appear for jury duty.  This fact alone is of some prejudice to a defendant's Sixth Amendment and federal law right to have jurors selected from a fair cross-section of the community.  "The Sixth Amendment does not require jurors to be summoned from

5

a particular division." United States v. Wipf, 397 F.3d 677, 686 (8th Cir.2005). Although Wipf would permit the venire to be composed in an alternate division, the divisions within the District of South Dakota are culturally and economically disparate to a sufficient degree that it is preferable (if possible) to try this case in the Northern Division.

Requiring jury panel members and then members of the jury to travel extensive distances for trial results in the need for extensive additional funds to pay juror travel and lodging expenses. Court-appointed counsel also incur additional travel and lodging expenses that place gratuitous strain on the limited funds available under the Criminal Justice Act.

Defendant DuMarce's April 11 motion for continuance (Doc. 115) has been unanimously acknowledged and consented to by the co-defendants. The government objects to the motion. Pursuant to 28 U.S.C. § 122(1), "Court for the Northern Division shall be held at Aberdeen." A Standing Order signed by Chief Judge Jeffrey L. Viken on August 26th, 2013 describes procedures to be followed during the interim period until the United States District Court for the Northern Division returns to Aberdeen and has an operational courtroom available for use in the building. According to the Standing Order, the instant case could be reassigned to Judge Piersol in Sioux Falls, South Dakota.

Upon review pursuant to 18 U.S.C. § 3161(h)(7)(A), and the reasons discussed above, I find that the ends of justice served by granting the defendants' amended motion to continue outweigh the best interests of the public and the defendant in a more speedy trial. A refusal to grant the motion would result in a miscarriage of justice and the additional time will not prejudice any party.

Now, therefore,

IT IS ORDERED, as follows:

(1) The defendants' amended motion for continuance, extending the trial scheduled for May 20, 2014, as well as all pretrial deadlines for at least 120 days, or until the Courthouse renovations are finished in Aberdeen, South Dakota, Doc. 117, is granted.

(2) The government's objection to the amended motion for continuance, Doc. 119,

is overruled.

Dated this 27th day of April, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY
        (SEAL)

7